Wyckoff Imaging Servs., P.C. v Blutreich (2024 NY Slip Op 03513)

Wyckoff Imaging Servs., P.C. v Blutreich

2024 NY Slip Op 03513

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-05256
 (Index No. 526143/18)

[*1]Wyckoff Imaging Services, P.C., appellant, 
v
Salomon Blutreich, respondent, et al., defendant.

Siri & Glimstad LLP, New York, NY (Mason A. Barney and Sonal Jain of counsel), for appellant.
Nolan Heller & Kauffman LLP, Albany, NY (Justin A. Heller, Brendan J. Carosi, and Brian D. Deinhart of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief and to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 24, 2021. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Salomon Blutreich and dismissing that defendant's counterclaim.
ORDERED that the order is affirmed, with costs.
The plaintiff, Wyckoff Imaging Services, P.C., is a medical practice in Brooklyn that employed the defendant Salomon Blutreich as a physician pursuant to the provisions of an employment agreement dated April 19, 2013. Pursuant to the employment agreement, the plaintiff procured, and paid the premiums for, a professional liability insurance policy for Blutreich from the defendant MLMIC Insurance Company (hereinafter MLMIC). Blutreich was named as the insured of the subject policy while the plaintiff was named as the policy administrator.
MLMIC subsequently converted from a mutual insurance company to a stock insurance company. Its state-approved conversion plan (hereinafter the conversion plan) provided that eligible MLMIC policyholders, or their designees, would receive cash consideration in exchange for the extinguishment of the policyholder's membership interest (see generally Insurance Law § 7307[e][3]).
The plaintiff commenced this action, inter alia, for a judgment declaring that it was entitled to Blutreich's share of the cash consideration due under the conversion plan. The plaintiff also alleged that Blutreich would be unjustly enriched if he received the cash consideration because, among other things, the plaintiff had paid the premiums for the professional liability insurance policy. The plaintiff moved for summary judgment on the complaint insofar as asserted against Blutreich and dismissing Blutreich's counterclaim. In an order dated June 24, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"[W]hen an employer pays premiums to a mutual insurance company to obtain a [*2]policy of which its employee is the policyholder, and the insurance company demutualizes, absent contrary terms in the contract of employment, insurance policy, or separate agreement, the policyholder is entitled to the proceeds from the demutualization" (Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 276-277; see Maple Med., LLP v Scott, 191 AD3d 81, affd 38 NY3d 253). Here, the conversion plan expressly defined "policyholder" as the person identified on the declarations page of the policy as the insured, which, here, was Blutreich. Since Blutreich was the policyholder and he did not assign his rights to the cash consideration to the plaintiff, he was entitled to those funds (see Columbia Mem. Hosp. v Hinds, 38 NY3d at 276-277; Benoit v Jamaica Anesthesiologist, P.C., 207 AD3d 429; Maple Med., LLP v Scott, 191 AD3d at 98). Moreover, the plaintiff failed to establish that Blutreich would be unjustly enriched by his receipt of the cash consideration (see Maple Med., LLP v Scott, 191 AD3d at 103-104).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against Blutreich and dismissing Blutreich's counterclaim.
CONNOLLY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court